In the Matter of the General Assignment for the Benefit of Creditors of LONG ISLAND SASH & DOOR CORPORATION, Assignor, to WAYNE C. TRACE, Assignee.

UNITED STATES OF AMERICA, Claimant, Appellant; CITY OF NEW YORK, Claimant, Respondent.

Second Department, June 17, 1940.

*Mario Pittoni* [*Harold M. Kennedy, United States Attorney, Eastern District of New York,* and *Vine H. Smith* with him on the brief], for the appellant.

*Charles H. Birdsall* [*William C. Chanler, Corporation Counsel,* and *Sol Charles Levine* with him on the brief], for the respondent.

PER CURIAM. Appeal by United States of America from an order in so far as it denies to it priority on its Federal Housing Administration claims of $725.80 and $316.60, and allows the respondent, The City of New York, priority over appellant on its sales and business tax claims.

In our opinion Federal Housing Administration claims are entitled to priority of payment under section 3466 of the Revised Statutes (U. S. Code, tit. 31, § 191) where, as in the instant case, the debts were assigned to the United States prior to the insolvency. (See *Wagner* v. *McDonald*, 96 F. [2d] 273; *Matter of Wilson*, 23 F. Supp. 236; *Matter of Wilson, Inc.*, 24 id. 651.) In *Korman* v. *Federal Housing Administrator* (113 F. [2d] 743) the United States Court of Appeals for the District of Columbia held that a claim owned by the Federal Housing Administration at the time a petition in bankruptcy was filed is a " debt due to the United States " within the meaning of the statute. In any event, the United States of America is entitled to priority upon these claims in view of the fact that the assignments of the claims and the notes given as security were made to the United States and were in its name at the time the borrower made the general assignment for the benefit of creditors. Under section 3466, the priority of payment does not depend upon how the United States acquired title to the notes, nor upon their status prior to the transfer. Priority results merely from the insolvency of the debtor and the ownership of the claim by the United States. (*Wagner* v. *McDonald, supra; Howe* v. *Sheppard*, 12 Fed. Cas. 672, No. 6772; 2 Sumn. 133; *Lewis* v. *United States*, 92 U. S. 618; *United States* v. *Fisher*, 6 id. [2 Cranch] 358.)

The order should be modified by striking from the third ordering paragraph the words " the sum of $140.23 to the United States of America; and the balance to the City of New York," and inserting in place thereof the words " and the balance to the United States of America." As thus modified, the order, in so far as appealed from, should be affirmed, without costs.

LAZANSKY, P. J., HAGARTY, JOHNSTON, TAYLOR and CLOSE, JJ., concur.

Order modified by striking from the third ordering paragraph the words " the sum of $140.23 to the United States of America; and the balance to the City of New York," and inserting in place thereof the words " and the balance to the United States of America." As thus modified, the order, in so far as appealed from, is affirmed, without costs.